## COLEMAN NAT. BANK v. McDONALD. (No. 6988.)*

(Court of Civil Appeals of Texas. Austin. June 15, 1926. Rehearing Denied July 2, 1926.)

**1. Appeal and error ☞1068(5).**

Refusal of special charges relative to issue on which jury found for appellant, if error, *held* harmless.

**2. Set-off and counterclaim ☞44(2).**

In suit by one partner against bank to recover balance of deposit account, defendant cannot offset claim by unauthorized payment of personal checks of another partner on ground that such other's share of partnership profits was sufficient to cover such checks.

**3. Partnership ☞187.**

Where margin account, which was guaranty of partnership account, was money of individual partner, such partner can recover balance of such account from bank after any overdraft on partnership account had been charged against it and partnership account closed.

**4. Partnership ☞219(1)—Judgment for partner against bank on margin account, consisting of his individual funds, held not reversible error in his action for balance due on partnership account.**

In partner's action against bank for balance due on cotton account constituting partnership funds, judgment on margin account, consisting of his individual funds, *held* not reversible error, where parties regarded both accounts as involved in litigation throughout trial, and bank tendered into court balance due on margin account.

**5. Judgment ☞700—Judgment for partner on margin account in suit against bank for balance on partnership account held to protect bank from further suit on margin account.**

Judgment for partner on margin account, composed of his individual money, in suit brought against bank for balance on cotton account, consisting of partnership funds, *held* to protect bank from further suit on margin account.

Appeal from District Court, Coleman County; J. O. Woodward, Judge.

Action by S. McDonald against the Coleman National Bank. Judgment for plaintiff, and defendant appeals. Affirmed.

Critz & Woodward, of Coleman, for appellant.

W. Marcus Weatherred, of Coleman, for appellee.

McCLENDON, C. J. Appellee, S. McDonald, brought this suit against appellant, Coleman National Bank, of Coleman, Tex., to recover the sum of $1,216.95, alleged balance owing by appellant to appellee upon deposit account. Appellant defended upon the grounds, among others, first, that the account sued upon was a partnership account of appellee and his son, A. H. McDonald, and appellee could not recover because A. H. McDonald was not a party to the suit; and, second, that the balance it owed the partnership was only $416.95, which amount it tendered into court in the form of a cashier's check, made payable to the partnership, and indorsed by A. H. McDonald. This check was accepted by appellee, and credited upon the amount in controversy. Appellee replied to this pleading, denying the partnership, and asserting that the balance was incorrect, in that two checks which will be hereafter noted, aggregating about $800, had been improperly charged to the account.

There was a trial to a jury upon special issues, and upon their answers judgment was rendered in favor of appellee against appellant for $583.05. The appeal is from this judgment.

The evidence will warrant the following findings of fact in support of the trial court's judgment:

S. McDonald, who lived at Comanche, Tex., was engaged in the business of buying and shipping cotton. He had buyers in a number of cities, among them his son, A. H. McDonald, the arrangement with whom was that appellee furnished the money and A. H. McDonald did the buying, and the net profits were shared equally. On October 1, 1924, appellee wrote a letter to appellant, proposing the opening of a cotton account with it on the basis of one-eighth of 1 per cent. on exchange, and 8 per cent. interest on daily balances. The following day he wrote another letter to appellant, advising that—

"Mr. A. H. McDonald has authority to check upon me at your bank for the payment of cotton with collateral attached, together with authority to pay for all expenses incidental to the movement of such purchases, and such as f. o. b. charges, telephone bills, sampling, hauling, weighing, when such checks show for what purpose they are given."

On October 3, 1924, appellant replied to the first of these letters, agreeing to carry the account on the terms stated, except that exchange should be at one-fourth instead of one-eighth of 1 per cent. It was also stated that the bank would "like to have fairly liberal margin at all times." In response to this request, appellee made a margin deposit of $1,000 on October 13, 1924. This account was carried on the books by appellant in the name of "S. McDonald, Special," until the cotton account was finally closed the following spring; the deposit receipt bearing the notation "margin on cotton a/c." Another account was opened in the name of "S. McDonald Cotton Account," and was later changed to "S. McDonald & Son Cotton Account"; the circumstances of the change not

being important to this appeal. During the ensuing cotton season a large amount of cotton was purchased by A. H. McDonald, and various checks and drafts were drawn on the cotton account and deposits made thereon. At times the account was overdrawn many thousands of dollars. When the account was finally closed it showed on overdraft of $583.05. This overdraft was by appellant charged to the margin account, leaving a balance in that account of $416.95, which was covered by the cashier's check above noted. No question was raised as to the correctness of the account, except as to two checks, which were drawn by A. H. McDonald and charged to this account. One of these checks was dated January 25, 1925, and payable to J. T. Saunders for the sum of $625. It was signed "A. H. McDonald," and had pencil notation, "Chg. S. McDonald Cotton A H M." The undisputed evidence showed that this check was drawn to pay an individual note of A. H. McDonald which had been purchased by Saunders, who was an employé in the Coleman bank, and that the bank and its officers knew these facts. The other check was dated December 29, 1924, and paid January 2, 1925. It was signed "A. H. McDonald," with pencil notation "Chg. S. McDonald & Co." It was in favor of Crespi & Co., or order, and for the sum of $174.18. The undisputed evidence showed that this check was drawn to pay an individual indebtedness of A. H. McDonald, and that this fact was known to the Coleman bank and its officers. The evidence shows in regard to these two checks that A. H. McDonald discussed with the cashier of appellant the matter of paying them out of the cotton account; there being some question as to his authority to pay his individual indebtedness in this way. The cashier asked him whether he had a profit due him from the partnership sufficient to cover the amount of the checks, and, upon being told that he had, he thereupon told him that the check might properly be drawn on that account. As soon as S. McDonald ascertained that these checks had been charged to the cotton account, he demanded that the account be corrected and credited to the extent of these charges.

There was a conflict in the testimony as to whether the business conducted by S. McDonald and his son showed a profit; and there was also a conflict in the testimony as to whether the $1,000 margin account belonged to the business conducted by S. McDonald and his son, or was the individual money of S. McDonald. We think it unimportant to detail the evidence in these regards, since the fact questions which they presented were concluded by the findings of the jury.

The two issues were submitted to the jury, resulting in the following findings: (1) That appellant and A. H. McDonald were partners in the cotton business at Coleman, Tex., at the time the two checks in question in the suit were given and paid by the Coleman National Bank; (2) that the $1,000 margin deposit was the individual property of appellee.

Appellant presents twelve assignments of error which raise four issues.

[1] By the fifth, sixth, seventh, ninth, and tenth assignments error is predicated upon the refusal of certain special issues and special charges relating to the matter of partnership. Since the jury found this issue in favor of appellant, the rulings complained of, if in fact erroneous, were rendered harmless.

[2] The eighth assignment complains of the refusal to submit the issue whether there were any partnership profits, and, if so, what amount. Appellant's contention in this regard is that, if there was a profit in the partnership business sufficient to pay the individual checks of A. H. McDonald, then it had a right to charge those checks to the partnership account. There is no merit in this contention. If appellant desired to subject the partnership assets to the individual debt of A. H. McDonald, it would have been necessary to make him a party to the suit. This would involve a partnership accounting, and, assuming appellant's right to require such accounting in this proceeding, certainly it could not be had without having all partners before the court.

[3] The first, second, fourth, and eleventh assignments complain of the refusal of a peremptory instruction and of the judgment on the ground that the uncontradicted evidence showed that the $1,000 margin account was a part of the general cotton account, was merged into it, and was therefore a partnership asset which could not be recovered without making A. H. McDonald a party to the suit. The uncontradicted evidence shows that the margin account was carried in the name of "S. McDonald, Special," until the cotton account was closed, and that it was carried solely as a margin or guaranty account to indemnify appellant against any loss on the cotton account. While the evidence was conflicting on whether the money that went into this account belonged to the business of S. McDonald & Son, or was S. McDonald's individual money, there was ample evidence to support the latter finding, and the court properly declined the peremptory instruction, and overruled the objections to the rendition of judgment which was for the amount of the margin account, less the $416.95 paid into court by cashier's check. In fact, we have some doubt upon the question whether the court committed error in not rendering judgment for an additional $216.13. The cotton account, according to the bank's books, showed an overdraft of $583.05 after being charged with the two checks improperly drawn against it, aggregating $799.18.

With the amount of these checks credited to this account, it would have had a balance of $216.13. The cashier's check was made payable to the partnership, and indorsed by A. H. McDonald. While the question is not raised on this appeal, $216.13 of the amount of that check might properly have been charged against the partnership account, leaving only $200.82 to be credited on the margin account. The recovery in that event would have been $783.87 instead of $583.05. It is clear under the arrangement between appellant and appellee that the margin account was nothing more than a guaranty of the cotton account whenever it should be closed, and, the evidence being sufficient to warrant the finding of the jury that this margin account was the individual money of appellee, there could be no error in permitting him to recover the amount of that account after the close of the cotton account, and after charging the margin account with the amount of any overdraft shown on the cotton account.

[4] By the twelfth assignment appellant contends that the pleadings were not sufficient to warrant a judgment on the margin account, because the suit was only for the balance due on the cotton account, and the finding of the jury was that that account constituted partnership funds, and could not be recovered in a suit by appellee alone. If we gave the pleadings a strict and narrow construction, the contention of appellant in this regard would probably be correct. It is evident, however, from the entire record that throughout the trial the parties regarded both accounts as being involved in the litigation. The case was fully developed, and the only controverted issues were those relating to whether there was in fact a partnership, and, if so, whether the two checks in question were properly charged to the cotton account. The amount tendered by the bank was the amount shown on its books to be the balance due on the margin account after charging it with the overdraft its books showed in connection with the cotton account; this overdraft being credited as above shown by improperly charging the cotton account with the two checks in question.

[5] While the first paragraph of plaintiff's petition designates the account sued for as being carried in the name of "S. McDonald, Cotton," the second paragraph states that there was a balance due plaintiff of about $416.95, but that the two checks in question had been improperly charged to that account, and the plaintiffs sued for the sum of $1,216.95. The discrepancy between the amount sued for and the amount shown by appellant's books results from an allegation by plaintiff that the amount of the two checks was about $800, whereas these checks amounted in fact to $799.18. No objection

was made to any evidence introduced, and the record discloses that appellant was not in any way misled or surprised with reference to the identity of the subject-matter in litigation. Under the findings of the jury upon the only material controversies the evidence presented, the trial court rendered the proper judgment, and appellant is protected by that judgment and the judgment of this court from being subjected to a further suit by appellee upon the margin account. The justice of the case has been fully met, and we are unwilling to reverse the judgment of the trial court merely for the purpose of having the pleadings amended so as more definitely to describe the fund in controversy. We find no substantial error of which appellant can complain in the trial court's judgment, and that judgment is affirmed.

Affirmed.